## Commonwealth v. Bittner

*Donald S. Hershman*, for appellant.
*John J. Kennedy*, for Commonwealth.

KLEIN, *J.*, October 2, 1974—This matter is before the court upon the appeal of William George Bittner from an order of the Secretary of Transportation suspending his operating privileges for 60 days for a violation of section 626 of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §626, pursuant to section 618(b)(2) of Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §618.

A hearing de novo was held on September 20, 1974. From the testimony, we make the following

## FINDINGS OF FACT

1. Appellant, William George Bittner, is a citizen of Pennsylvania, now resident at D-11, Milne Drive, Monaca, Pa., and a duly licensed operator of motor vehicles.

2. Said appellant is 27 years of age and married.

3. Appellant is presently employed as an automobile salesman by Sanner Oldsmobile-Cadillac, Ambridge, this county.

4. At the time of the herein incident, appellant was employed in the same capacity by L. Friend, Inc., also this county.

5. In both jobs, appellant was and is granted the use of a "demonstrator" car by his employer, and which auto he was to use in connection with his work and also privileged to use as he saw fit for "personal" matters. Appellant used the car as though it was his own and in accord with his understanding of his employer's permission.

6. Appellant on May 26, 1973, did not have actual knowledge that he could not lawfully permit any other person to operate said vehicle, equipped as they are with "dealer" registration plates.

7. On May 26, 1973, appellant and others, including one Philip Tilbrook, arrived at a motel in Crawford County to begin a week-end vacation-type stay.

8. On that occasion, Mr. Tilbrook, a duly licensed driver, requested appellant's permission to drive the auto "to go up town" for a minute.

9. The auto was involved in an accident, and the State Police in their routine investigation discovered the aforesaid violation of The Vehicle Code; hence, these proceedings resulted.

10. Appellant earns, on the average, $800 to $900 per month and has a wife to support.

11. The suspension of appellant's operating privileges would impose a unique hardship upon him.

12. Appellant and wife do not own a vehicle and the demonstrator is used by him to go to and from work as well as for all other necessary family transportation.

13. Appellant's driving record prior to the instant matter, and since, is violation-free.

14. When several persons go on a vacation trip in one auto, stay at the same hostelry, planning to enjoy the trip together, going places and engaging in recreational activities, etc., they are members of the same family within the meaning of that term as set forth in section 502 of The Vehicle Code, 75 P.S. §502.

15. The instant violation is de minimis and had no causal connection with the ensuing accident.

## DISCUSSION

Appellant readily conceded the pertinent facts. He testified in a frank manner with complete candor. We accept as true his assertion that he was unaware of the applicable law with regard to an employe's use of an auto carrying "dealer's registration plates."

Interestingly, Funk & Wagnalls Standard College Dictionary includes among its definitions for the word "family"—"6. A group of persons forming a household." We hold that *in these circumstances*, Philip Tilbrook was a "member" of William George Bittner's "family."

Appellant herein is an employe of the dealer and not the dealer or a member of the dealer's family.

However, in evaluating this case, it is important to bear in mind that had appellant been a dealer, there would have been no violation in these circumstances. Conceding that there was a technical violation of The Vehicle Code, the secretary's action in suspending appellant's operating privileges for such a "first offense" is arbitrary, capricious and unreasonable. It constitutes a clear abuse of discretion. Although economic hardship alone is not sufficient for us to reverse the secretary in these premises, taken as a whole, the record grants us the power to do so and justice requires it.

## CONCLUSIONS OF LAW

1. The suspension of appellant's operating privileges for a technical first offense is an abuse of discretion by the secretary for the reason that it is arbitrary, capricious and unreasonable, particularly when it produces serious economic hardship. See Commonwealth v. Stamoolis, 6 Pa. Commonwealth Ct. 617 (1972); Commonwealth v. Bochak, 32 Beaver 93 (1972); Appeal of Allshouse, 24 Lawrence 18 (1972); and Commonwealth v. Massey, 94 Montg. 75 (1971).

For these reasons, we make the following

## ORDER

And now, October 2, 1974, it is ordered, adjudged and decreed that the appeal of William George Bittner, from suspension of his operator's license is hereby sustained. The secretary is directed to restore appellant's privileges forthwith.